JS-6

Priority ✗
Send ✗
Enter ✗
Closed
JS-5/JS-6 ✗
JS-2/JS-3
Scan Only ___

FILED
CLERK, U.S. DISTRICT COURT
JAN 23 2006
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ENTERED
CLERK, U S DISTRICT COURT
JAN 2 5 2006
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ADRIAN THOMAS CORTEZ, aka DAVID ESPINOZA,<br><br>Defendant. | CASE NO. CV-04-8511-RMT<br>CR-02-0007-RMT<br><br>ORDER DENYING MOTION BY DEFENDANT TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br>THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d). |

This matter is before the court on the motion by defendant Adrian Thomas Cortez, aka David Espinoza, to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255. Having considered the pleadings and other papers filed herein, the court finds that Defendant's claims are without merit and his motion should be denied.

**Procedural Background**

On March 25, 2002, Defendant pleaded guilty to a violation of 18 U.S.C. §2422 (b) (Use of Facility of Interstate Commerce to Attempt to Induce a Minor to Engage in Criminal Sexual Activity). In 2003, Defendant was sentenced to a term of 41 months imprisonment. Defendant did not file a direct appeal, but now seeks to reduce his sentence based on his assertions that: (1) he was denied effective assistance of counsel at sentencing due to

counsel's failure to seek various downward departures;[1] (2) he was not properly advised of his Sixth and Fourteenth Amendment rights at the time of his guilty plea; (3) his sentence is improper because it includes a sentencing enhancement based on facts not admitted by Defendant; and (4) his sentence should be reduced to account for the "[eight] months of confinement in a County Jail".

## Analysis

### *(1) Ineffective Assistance of Counsel Claims*

To establish a viable claim of ineffective assistance of counsel, a Defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different".[2]

Defendant asserts that he was deprived of effective assistance of counsel because his attorney failed to seek downward departures for aberrant behavior, role in the offense, government conduct, and pre-trial hardships. These contentions lack merit. First, defense counsel did seek downward departures based on aberrant behavior and the government's conduct.[3] Moreover, defense counsel's failure to seek a departure based on Defendant's role in the offense was neither deficient nor prejudicial in light of the fact that Defendant

---

[1] The Government asserts that Defendant is procedurally barred from collaterally attacking his counsel's failure to request certain downward departures since Defendant did not raise these issues on direct appeal. However, in Massaro v. United States, the Supreme Court held that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003).

[2] Strickland v. Washington, 466 U.S. 668, 688 and 694.

[3] With respect to the government's conduct, defense counsel argued that Defendant's sentence should be reduced because of "Aggressive Encouragement" by the Government and "Imperfect Entrapment."

acted alone in the underlying offense. Lastly, defense counsel's failure to request that Defendant's sentence be reduced for time served in pre-trial detention did not deprive Defendant of effective assistance of counsel because the Bureau of Prisons, not the court, determines appropriate credit for time served.

### (2) Alleged Sixth and Fourteenth Amendment Violations

Defendant claims that his Sixth and Fourteenth Amendment Rights were violated when he pleaded guilty because the court did not explain the waiver of rights and consequences of his plea. Specifically, Defendant asserts that although he pleaded guilty in order to avoid a ten year prison term, that anticipated prison term was based on facts not admitted by Defendant, and thus his decision to plead guilty was not properly informed. However, Blakely v. Washington and United States v. Booker, the decisions which appear to be the source of Defendant's Sixth Amendment claims on this issue, are not retroactively applicable on collateral review where a defendant's conviction was final prior to the issuance of those opinions.[4] Moreover, Defendant signed a Statement of Constitutional Rights at the time of his arraignment and was again advised of these rights during the plea colloquy.[5] At the time of his plea, Defendant affirmed that his plea was knowingly and voluntarily given and the court found it to be so. With these facts in mind, the court finds Defendant's claim on this issue does not warrant relief.

### (3) Alleged Blakely Violation

Defendant asserts that a Blakely violation occurred when his sentence was enhanced based on facts which he did not admit. However, as noted above, Blakely and Booker are not retroactively applicable on collateral review where a defendant's conviction was final prior to the issuance of those opinions.[6] Here, Defendant's conviction became final in 2003, long

---

[4] United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005); Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005).

[5] Government's Opposition to Defendant's motion at Ex. C.

[6] Cruz, 423 F.3d at 1121; Schardt, 414 F.3d at 1038.

3

before the issuance of either of the two cases on which Defendant's claim rests. As such, Defendant's motion lacks merit on this issue.

### (4) Correction of Sentence to reflect eight months spent in County Jail

Defendant also seeks to correct his sentence to reflect eight months spent in county jail. However, Defendant's challenge to the calculation of credit for time served must be resolved through appropriate administrative channels.[7] Moreover, even if Defendant has exhausted his administrative remedies, this court lacks jurisdiction to correct Defendant's sentence because Defendant's challenge to the calculation of time served must be filed in the district court "wherein the restraint complained of is had."[8]

### Conclusion

For the reasons set forth above, the motion by Defendant to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

DATED: January 23, 2006

ROBERT M. TAKASUGI
United States Senior District Judge

---

[7] 28 U.S.C. §2241

[8] Id.; Defendant was incarcerated in Arizona when he filed this motion.